IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGNERY PUBLISHING, INC., <br><br>         Petitioner, <br><br>vs. <br><br>RICHARD MINITER, <br><br>         Respondent. | CASE NO.: 1:08-cv-00709 (EGS) |

REGNERY PUBLISHING, INC.'S OPPOSITION TO
TO RESPONDENT'S MOTION TO VACATE

I.      Introduction

Respondent Richard Miniter's Motion to Vacate is his latest attempt to avoid compensating petitioner Regnery Publishing, Inc. for his breach of their two-book publishing contract ("Publishing Contract").  Regnery paid $263,333 in advances to Miniter per the agreement, but Miniter never delivered a second book and then refused to return the advance attributable to that book, forcing Regnery to initiate arbitration in April 2007.  Miniter has had a full and fair opportunity to present his case before the Arbitrator and to brief legal arguments in two post-hearing submissions. On March 10, 2008, the Arbitrator issued an Award, finding that Miniter breached the contract and awarding Regnery $150,509.53 (net of set-offs) plus $8,918.75 in fees and expenses for the arbitration.

Miniter's arguments for vacatur are deficient both factually and legally.  Miniter has not and cannot point to any fact or legal authority that establishes "evident partiality" by the Arbitrator or that he exceeded his powers that warrants vacatur under § 10 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 10).  Contrary to Miniter's claims, his motion for recusal was not left "unresolved" but was addressed by the American Arbitration Association ("AAA")

in a written ruling. Miniter also ignores the United States Supreme Court's recent decision which narrows even further federal court review of arbitration awards and excludes so-called "common law grounds" to vacate or modify an award. His arguments relating to those grounds and his reliance on prior case law, therefore, are misplaced. Even if the Court were to consider those non-statutory grounds, Miniter's claims nevertheless lack merit as he is seeking the Court to substitute its judgment for that of the Arbitrator, which the law does not permit.

Accordingly, the Court should deny the Motion to Vacate and confirm the arbitration award pursuant to § 9 of the FAA.

II. <u>Argument</u>

    A. <u>Section 10 of the Federal Arbitration Act Sets Forth the Exclusive Grounds for Vacatur of an Arbitration Award.</u>

It is well established that "judicial review of an arbitration award is extremely limited." *Int'l Thunderbird Gaming Corp. v. United Mexican States*, 473 F. Supp. 2d 80, 83 (D.D.C. 2007); *see also Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) ("the scope of judicial review for an arbitrator's decision is among the narrowest known at law"); *Wise v. Wachovia Secs., L.L.C.*, 450 F.3d 265, 269 (7th Cir. 2006) (noting that when parties agree to arbitration "they opt out of the court system"). The United States Supreme Court recently addressed judicial review of arbitration awards in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, holding that the grounds for vacatur or modification of an arbitration award set forth in §§ 10 and 11 of the FAA are exclusive. 552 U.S. ___, 128 S. Ct. 1396, 1401 (March 25, 2008).

The parties in *Hall Street* entered an arbitration agreement that provided for judicial review of the award beyond the grounds delineated in §§ 9-11 of the FAA. *Id.* at 1400-01. However, the Supreme Court held that expanded judicial review is not permitted under the

FAA. *Id.* at 1404. The Supreme Court viewed the statute "as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Id.* at 1406. It concluded, "[a]ny other reading opens the door to the full-bore legal and evidentiary appeals that 'can rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Id*. (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003)).

Since *Hall Street*, courts have not entertained grounds for vacatur, such as an arbitrator's "manifest disregard of law," that fall outside of § 10. *See Ascension Orthopedics, Inc. v. Curasan*, 2008 U.S. Dist. LEXIS 39186, at *3 (S.D. Tex. May 14, 2008) ( "the Supreme Court's decision in *Hall Street* is unequivocal that the grounds upon which vacatur may be based as listed in § 10 are exclusive"); *Prime Therapeutics, L.L.C. v. Omnicare, Inc.*, 2008 U.S. Dist. LEXIS 41306, at *15 (D. Minn. May 21, 2008) ("courts can no longer vacate an arbitration award based on judicially-created grounds such as 'manifest disregard of the law'"); *Cuna Mut. Ins. Soc'y v. O.M. Fin. Assocs.*, *L.L.P.*, 2008 U.S. Dist. LEXIS 25601, at *16 (W.D. Wisc. Mar. 28, 2008) ("The Supreme Court has recently held that '§§ 10 and 11 respectively provide the [Federal Arbitration Act's] exclusive grounds for expedited vacatur and modification.'"). Miniter, therefore, is limited to statutory grounds for vacatur under § 10.

    B.    <u>Miniter Cannot Meet His "Heavy" Burden to Demonstrate that Vacatur Is Appropriate under § 10 of the Federal Arbitration Act.</u>

Miniter's claim for vacatur under § 10(a)(2) and (4) solely relates to a request for recusal of the Arbitrator that was denied by the AAA. Miniter's recusal motion was frivolous on its face[1] but his claim here is <u>not</u> that the Arbitrator was biased and should have been

---

[1] Miniter sought recusal allegedly because he believed that the Arbitrator may have been informed that he had not paid certain arbitration fees and expenses. The issue was a moot

recused.  Rather, he argues only that the motion allegedly was not "addressed and resolved" by the Arbitrator, thereby leaving a "question of conflict of interest unresolved." (Mot. to Vacate at 4.)  As the moving party, Miniter "bears the heavy burden of establishing that vacatur of the arbitration award is appropriate." *Int'l Thunderbird,* 473 F .Supp. 2d at 83.  Miniter cannot meet his burden to demonstrate that vacatur is required under either § 10(a)(2) ("evident partiality or corruption in the arbitrators") or 10(a) (4) ("the arbitrators exceeded their powers or so imperfectly executed them. . .").

Significantly, the AAA considered and ruled on Miniter's request in a timely fashion.[2] As previously noted, the AAA denied the motion, stating: "After careful consideration of the parties' contentions, the Association has determined that John Keys will be reaffirmed as arbitrator in the above matter." (*See* November 1, 2007 letter from Mark Just, attached hereto as Ex. 2.)  With the recusal motion resolved, Mr. Keys continued to serve in his capacity as Arbitrator, issuing an order on that same day, hearing oral arguments and deciding motions, presiding over the evidentiary hearing, and issuing a final award.  Miniter never once raised the issue that the recusal motion somehow was "unresolved" during the arbitration proceedings.  He cannot point to a single fact that supports a finding of partiality or corruption on the Arbitrator's part, as required under § 10(a)(2).

Similarly, Miniter cannot meet his heavy burden of showing that the Arbitrator "exceeded his powers" or "so imperfectly executed them" under § 10(a)(4).  As the District of

---

point, however, because the arbitrator would have been apprised of that fact by Regnery at the hearing since Regnery paid some of the arbitration fees that were Miniter's responsibility and sought recovery of those payments as part of its award. *See* Regnery's Opposition to Respondent's Motion to Recuse, attached hereto as Ex. 1.

[2]  Miniter filed his motion to recuse on October 26, 2007.  Regnery filed a response on October 29 and the AAA issued its ruling on November 1.

Columbia Circuit has held, "[t]he arbitrator need only grant the parties a fundamentally fair hearing." *Lessin v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 481 F.3d 813, 816 (D.C. Cir. 2007) (internal quotation marks and citation omitted).  By his actions, the Arbitrator granted the parties a fundamentally fair hearing.  For instance, he allowed Miniter to assert counterclaims even though the claims had been dismissed previously by the AAA because Miniter had failed to pay the filing fees.  He also granted Miniter's request for postponement of the hearing date.  There was no need to explicitly rule on the motion to recuse because the AAA already had done so and his actions were consistent with a finding that he, too, rejected the claims in Miniter's motion as unfounded.  The Arbitrator certainly did not exceed his powers or imperfectly execute them.[3]

For these reasons, Miniter has not met his burden of establishing grounds for vacatur under § 10, the only permissible basis for vactur.  Accordingly, "in the absence of a legal basis to vacate, this court has no discretion but to confirm the award."  *Int'l Thunderbird*, 473 F. Supp. 2d at 83 (citing 9 U.S.C. § 9; *Bryson v. Gere*, 268 F. Supp. 2d 46, 54 (D.D.C 2003)).

    C.    <u>Even if Other Grounds Are Considered, Miniter Cannot Meet His Burden to Establish a Sufficient Basis for Vacatur.</u>

As noted above, the Supreme Court's ruling in *Hall Street* precludes this Court from vacating an award on grounds outside of § 10.  However, even if the Court were to consider Miniter's claims under so-called "common law" grounds, such claims do not support vacatur.  As the moving party, Miniter "bears the burden of demonstrating that the arbitration panel

---

[3] Miniter participated in the evidentiary hearing in January 2008 and, significantly, he did not object, or otherwise ask the Arbitrator to issue a separate ruling on the motion to recuse before proceeding with the hearing.  Indeed, it was understood by all that the AAA had put the issue to rest in its November 1, 2007 ruling that Mr. Keys was "reaffirmed" as Arbitrator.  Miniter does not argue here (nor can he) that the AAA's ruling is a basis for vacatur.

acted in manifest disregard of the law." *LaPrade v. Kidder, Peabody, & Co., Inc.*, 246 F.3d 702, 706 (D.C. Cir. 2001). Miniter cannot meet this burden.

First, Miniter mischaracterizes the Award as including $25,000 for damages for breach of a separate agreement. He argues that there was no such breach. However, the agreement was made in connection with the Publishing Contract. Thus, as recognized by the Arbitrator, the $25,000 Regnery paid to Miniter was recoverable as if it were an additional advance against royalties earned, a fact that is undisputed by the parties. (*See* Award at 2, attached as Ex. B to Petition to Confirm Arbitration Award.)[4] Because the parties agreed that the $25,000 relating to the separate contract was to be part of Miniter's total advance, Regnery was entitled to recover against it due to Miniter's breach, as the Arbitrator found. Miniter points to no provision in any contract that precludes a finding that Regnery is entitled to do so.

Second, Miniter argues that the Arbitrator held that the Publishing Contract granted Regnery the right to force Miniter to produce a manuscript for *Hunting Zarqawi*, as the second book, even though he claims it was impossible for him to do so because he lacked the funds. In fact, as is customary in book contracts, Miniter and Regnery agreed on an appropriate amount for the advance and schedule of payments. Regnery adhered to the payment schedule. The Arbitrator's ruling merely holds Miniter to the terms of the Publishing Contract. The Award states:

> Miniter proposed *Zarquawi* to Regnery, advocated for it, and got Regnery interested in the project. He later presented a budget for the project in the amount of $97,707 and informed Regnery that he could not do the book without getting that amount in advance, an advance not required by the Publishing Contract. Regnery was under no contractual obligation to modify the terms of its existing agreement to advance more money to Miniter, nor was it unfair or in bad faith for it to refuse to do so.

---

[4] *See also* Regnery's Post Hearing Brief at 2 (attached hereto as Ex. 3) and Regnery's Reply Brief at 4 (attached hereto as Ex. 4).

(Award at 4.) The Arbitrator was not substituting his "own notion of right or wrong" but rather requiring Miniter to abide by the terms of the Publishing Contract.

Third, Miniter disagrees with certain interpretations of the Publishing Contract by the Arbitrator. For instance, he claims that advances on "unearned royalties are not recoverable once a book is published" under the Publishing Contract. (Mot. to Vacate at 6.) The Arbitrator, however, considered and rejected this argument, noting that under the Publishing Contract such provisions only apply in certain circumstances, such as when a contract is terminated, as opposed to what has happened here, which was a breach by the author. (Award at 3-4.)

Miniter also misstates the Arbitrator's ruling. The Arbitrator did not hold that "royalties paid to Miniter for *Disinformation* [the first book] are recoverable due to his failure to provide a second book." (Mot. to Vacate at 6.) In fact, the Arbitrator specifically held that Miniter is entitled to all royalties on *Disinformation*, including all future royalties. (*See* Award at 6 n.3.) Regnery, on the other hand, is entitled to a partial return of the advance for Miniter's failure to deliver the second book.

Fourth, the Arbitrator's reasoned analysis establishes that the modest award for lost profits of $20,155 is not speculative. The Arbitrator explicitly noted that recovery for lost profits was foreseeable by the parties because Miniter's previous contract with Regnery resulted in two bestsellers that generated profits for Regnery. It was clear that "Regnery bargained for that benefit" in the current Publishing Contract. (Award at 6-7.) Likewise, the Arbitrator relied on well-established law in the District of Columbia that lost profits may be awarded based on estimates made to a "reasonable certainty." (Award at 7, citing *Vector Realty Group, Inc. v. 711 Fourteenth Street, Inc.*, 659 A.2d 230, 234 (D.C. 1994)). Thus, the

award for lost profits was entirely appropriate and therefore is not a ground for vacating the award.[5]

None of these complaints even approaches the high threshold of "manifest disregard for the law" to warrant vacatur of the Award.  *See Lessin*, 481 F.3d at 821 ("manifest disregard of the law means more than error or misunderstanding with respect to the law").  While a federal court's "limited scope of judicial review does not extend to reweighing equities supported by the arbitration record," *id.,* that is precisely what Miniter has requested the Court to do here.  Miniter may not agree with the Arbitrator's interpretation of the Publishing Contract and he may believe that the Arbitrator erred or misunderstood the law, but the law is clear that such disagreement, error or misunderstanding are not sufficient grounds to vacate an arbitration award.

## III. Conclusion

For the foregoing reasons, the Court should deny the Motion to Vacate and grant Regnery's Petition to Confirm Arbitration Award pursuant to 9 U.S.C. § 9.

Respectfully submitted,

    /s/ *Mark I. Bailen*
Mark I. Bailen (459623)
Baker & Hostetler, LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: *mbailen@bakerlaw.com*

*Attorneys for Petitioner Regnery Publishing, Inc.*

---

[5] Miniter has not sought modification of the Award under § 11 of the FAA.