## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REGNERY PUBLISHING, INC.,  )
             Petitioner,  )
                        )
v.  )      Case No. 1:08-cv-00709 (EGS)
                        )
RICHARD MINITER,  )
             Respondent.  )
_____)

### REPLY

COMES NOW Respondent Richard Miniter, by counsel, and in Reply to the Opposition of Regnery Publishing, Inc. ("Regnery") to Respondent's Motion to Vacate, states as follows.

**(i)**    **Motion to Recuse**

Regarding the Arbitrator's failure to rule on Miniter's Motion to Recuse, Regnery argues: "[t]here was no need to explicitly rule on the motion . . . because the AAA already had done so and his actions were consistent with a finding that he, too, rejected the claims in Miniter's motion as unfounded."  Opposition, at 5.  Miniter filed a pre-hearing Motion to Recuse and the Arbitrator's responsibility to rule was clear and unavoidable.

Unquestionably, judicial review under § 10 of the FAA is limited.  A court's review is limited to further a national policy favoring arbitration. Turning a blind eye to the Arbitrator's utter disregard of a timely-filed Motion to Recuse, however, will only dampen the public's enthusiasm for arbitration as fair alternative to a judicial as resolution of disputes.

Minter sought recusal after the AAA's case administrator informed the Arbitrator that Minter was delinquent in paying the Arbitrator's fee and requested the Arbitrator to dismiss Minter's claims. The AAA's decision not to disqualify the Arbitrator did not relieve the Arbitrator of his independent responsibility to address the Motion to Recuse. The Motion to Recuse, and Regnery's Opposition, were not directed to the AAA, and neither requested the AAA to rule. The AAA is an administrative body. The Arbitrator maintains sole responsibility for adjudicating the parties' disputes. The issue of his recusal was properly placed before him and he chose to ignore it. Accordingly, the Arbitrator imperfectly executed his powers and the award is subject to vacatur under § 10(a)(4) of the FAA. Minter did not waive his objection to the Arbitrator's continued service by participating in the hearing. A refusal to participate would have resulted in Minter's default.

**(ii)    Manifest Disregard**

The Supreme Court's recent decision in *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. ____, 128 S. Ct. 1396 (March 25, 2008), concededly limits a court's review to the grounds enumerated in §§ 10 and 11 of the FAA. *Hall*, however, has not abolished "manifest disregard" as a collective term characterizing grounds for vacatur under § 10(a)(3) or § 10(a)(4) where arbitrators are "guilty of misconduct" or "exceeding their powers." 552 U.S. ___, 128 S. Ct. 1396, 1404. Pre-*Hall* jurisprudence established a very narrow standard of what constitutes a "manifest disregard of the law" sufficient to vacate an award. *See, Patten v. Signator Ins. Agency*, 441 F.3d 230, 234-35 (4th Cir. 2006) *cert. denied*, 2006 U.S. LEXIS 7811 (U.S., Oct. 16, 2006). "Manifest disregard" was considered an additional, common-law ground for vacatur due to the extremely narrow

meaning accorded § 10(a)(4) ("the arbitrator exceeded his powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made"). [cites].  *Hall* suggests a more expansive interpretation of § 10(a)(4): ". . . maybe [the term 'manifest disregard'] merely referred to the § 10 grounds collectively, rather than adding to them." *Id.*; *citing*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 656 (1985) (STEVENS, J., dissenting)("Arbitration awards are only reviewable for manifest disregard of the law, 9 U.S.C. §§ 10, 207").  The Arbitrator's entry of an award that fails to draw its essence from the parties' agreement, and the substitution of his own notions of right and wrong for the language of the party's agreement, is an "egregious departure" from the arbitration that the parties agreed upon. *See*, *Hall*, 128 S. Ct. 1396, 1404-06. As shown in Miniter's Motion to Vacate, the Arbitrator's award finds no rationale in the parties' agreement and is thus subject to vacatur under § 10(a)(4) of the FAA.

      WHEREFORE, Miniter requests the Court to enter an Order granting the Motion to Vacate.

Dated: 6/13/08                    Respectfully submitted,

                                /s/ John M. Shoreman
                                _____
                                John M. Shoreman (407626)
                                McFadden & Shoreman
                                1420 New York Ave., NW
                                7th Floor
                                Washington, D.C.  20005
                                (202) 638-2100
                                fax (202) 628-0735

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served via ECF on the following counsel of record this 13th day of June, 2008:

Mark I. Bailen, Esq.
Baker & Hostetler LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036

/s/ John M. Shoreman
_____