**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REGNERY PUBLISHING, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 08-709 (EGS) |
| v. | ) |
| | ) |
| RICHARD MINITER, | ) |
| | ) |
| Respondent. | ) |
| | ) |

<u>**MEMORANDUM OPINION**</u>

Before the Court is a Petition to Confirm an Arbitration
Award by Regnery Publishing, Inc. ("Regnery") against the
Respondent, Richard Miniter ("Miniter"), and a Motion to Vacate
the Arbitration Award by Miniter.  Miniter and Regnery arbitrated
a dispute over Miniter's alleged breach of a two-book publishing
contract.  After careful consideration of Regnery's Petition,
Miniter's Motion to Vacate, Regnery's opposition, Miniter's
reply, and applicable case law, this Court **GRANTS** Regnery's
Petition to Confirm the Arbitration Award and **DENIES** Miniter's
Motion to Vacate the Arbitration Award.

**I.   BACKGROUND**

On February 14, 2005, Regnery and Miniter entered into a
contract whereby Regnery agreed to publish Miniter's book,

*Disinformation*, the first of a two-book contract between the parties.  Miniter received $238,333.00 in advance royalties prior to the publication of *Disinformation*.  Regnery was to pay Miniter an additional $116,667.00 in advanced royalties once Regnery accepted a manuscript for the second book.  The parties did not consider the subject matter of the second book or write requirements for it when they entered the two-book contract.

Miniter proposed a second book with the working title of *Hunting Zarqawi*, about the terrorist Abu Musab al-Zarqawi.  The book would have been based on interviews with Zarqawi's family and friends in the Middle East.  Miniter alleges that he would have needed $96,206.99 to finance the research and to write the second book.  Regnery refused to advance the amount against the $116,667.00 advance.  Miniter then proposed an alternate book, *Where Have All the Heroes Gone?*, which Regnery rejected.  Regnery insisted that Miniter proceed with *Hunting Zarqawi*.

In April 2007, Regnery filed a demand for arbitration against Miniter with the American Arbitration Association ("AAA").  During the arbitration, Miniter alleged that an AAA administrator informed the arbitrator in the case that Miniter had not paid certain arbitration fees and expenses.  Miniter filed a Motion to Recuse on October 26, 2007.  Regnery filed a response on October 29, 2007.  The AAA issued its ruling on November 1, 2007, rejecting Miniter's claims.  On March 10, 2008,

the arbitrator ruled that Regnery was entitled to recover $146,899.96 in unearned royalties from Miniter, plus lost profits of $20,155.04.  On April 25, 2008, Regnery filed a petition with this Court to confirm the arbitration award.  On May 21, 2008, Miniter moved to vacate the arbitration award.

## II.  DISCUSSION

Miniter argues that the arbitration award should be vacated under § 10(a)(1) and (4) of the Federal Arbitration Act ("FAA") and on common law grounds.[1]  Specifically, Miniter alleges that the arbitration terminated upon entry of an award without a ruling by the arbitrator on his Motion to Recuse.  Miniter argues that the arbitrator's failure to rule on his motion "tainted the arbitration with more than a mere appearance of partiality."

---

[1]  Section 10(a) of the FAA reads in relevant part:

In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

(1) where the award was procured by corruption, fraud, or undue means;

. . . or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

3

Mot. to Vacate at 4.  On common law grounds, Miniter argues that the Award should be vacated because it is a manifest disregard of the law.  Regnery argues that Miniter had a full and fair opportunity to present his case before the arbitrator.

The Supreme Court has said that the FAA "substantia[tes] a national policy favoring arbitration with just and limited review needed to maintain arbitration's essential virtue of resolving disputes straightway." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1405 (2008).  "Any other reading opens the door to the full-bore legal and evidentiary appeals that 'can rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Id.* (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003)).  Grounds for vacatur of an arbitration award set forth in § 10 of the FAA are exclusive.  *See id.* at 1404. "[J]udicial review of an arbitration award is extremely limited." *Int'l Thunderbird Gaming Corp. v. United Mex. States*, 473 F. Supp. 2d 80, 83 (D.D.C. 2007) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987)); *see also LaPrade v. Kidder, Peabody, & Co., Inc.*, 246 F.3d 702, 706 (D.C. Cir. 2001).

Miniter's claim for vacatur under § 10(a)(1) and (4) relates solely to a request for recusal of the arbitrator that was denied by the AAA.  Miniter's claim is not that the arbitrator was

biased but simply that his motion for recusal was not addressed and resolved by the arbitrator, leaving "a question of conflict of interest unresolved."  Mot. to Vacate at 4.  His claim, however, does not meet the heavy burden of establishing that the arbitration award was inappropriate because he has not shown that there was evident partiality or corruption in the arbitrator, *see* § 10(a)(1), or that the arbitrator exceeded his powers or imperfectly executed them, *see* § 10(a)(4).

Miniter's request for recusal was resolved by the AAA on November 1, 2007, and the arbitrator properly continued to serve in his capacity.  Even though the arbitrator did not himself rule on the motion before making the Award, Miniter has not demonstrated that "the award was procured by corruption, fraud, or undue means" or that "the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1) & (4).  Furthermore, Regnery noted in its Opposition to the Motion for Recusal that it was immaterial that an AAA administrator mentioned that Miniter had not paid the fees because if the administrator had not raised the issue, Regnery would have raised it during the arbitration.  Miniter was well aware of Regnery's position, which could have contributed to Miniter's failure to press the issue after the AAA made its ruling.  Miniter's real complaint is that he did not like the

result of the arbitration.  He has not, however, met his burden of demonstrating that the arbitrator exceeded his powers under § 10 of the FAA.

The arbitrator provided Miniter with a "fundamentally fair hearing."  *Lessin v. Merrill Lynch, Peirce, Fenner & Smith, Inc.*, 481 F.3d 813, 816 (D.C. Cir. 2007) (citation and internal quotation marks omitted).  In fact, the arbitrator granted Miniter discretionary leeway throughout the arbitration. For example, the arbitrator allowed Miniter to assert counterclaims even though the claims had previously been dismissed because Miniter failed to pay the filing fee; he also granted Miniter's request for postponement of a hearing date.

Miniter asks this Court to vacate the Award based on alleged "manifest disregard for the law," on the part of the arbitrator. *LaPrade*, 246 F.3d at 706.  "Manifest disregard of the law 'means more than error or misunderstanding with respect to the law.'" *Id.* (quoting *Kanuth v. Prescott, Ball & Turben, Inc.*, 949 F.2d 1175, 1178 (D.C. Cir. 1991).  This Court recognizes that some courts have refused to entertain vacatur based on "manifest disregard for the law" after *Hall Street*.  *See Prime Therapeutics, L.L.C. v. Omnicare, Inc.*, 555 F. Supp. 2d. 993, 999 (D. Minn. 2008) (holding that post-*Hall Street*, "courts can no longer vacate an arbitration award based on judicially-created grounds such as 'manifest disregard of the law'"); *Ascension*

*Orthopedics, Inc. v. Curasan*, 2008 WL 2074058, at *2 (S.D. Tex. May 14, 2008) ("the Supreme Court's decision in *Hall Street* is unequivocal that the grounds upon which vacatur may be based as listed in § 10 are exclusive").  This Court need not decide that issue because Miniter's allegations do not rise to the level of a manifest disregard for the law.

Miniter "bears the burden of demonstrating that the arbitration panel acted in manifest disregard of the law." *LaPrade*, 246 F.3d at 706.  Specifically, Miniter claims that the arbitrator "revised the parties' governing contract based on his own personal notions of right and wrong and exceeded the scope of his authority," when he included $25,000 in damages for breach of an agreement that Regnery did not claim was breached.  Mot. To Vacate at 5.   Miniter also claims that the arbitrator found that under the terms of the Agreement, "Miniter was compelled to research and write *Hunting Zarqawi* even though it is uncontested that it was impossible for him to do so because of the expense involved."  *Id*. at 5.   This is a misreading of the Award.   The Award merely holds Miniter to the terms of the contract between the parties.  The Award reads in relevant part:

> Miniter proposed *Zarqawi* to Regnery, advocated for it, and got Regnery interested in the project.  He later presented a budget for the project in the amount of $97,707 and informed Regnery that he could not do the book without getting that amount in advance, an advance not required by the Publishing Contract.  Regnery was under no contractual

7

> obligation to modify the terms of its
> existing agreement to advance more money to
> Miniter, nor was it unfair or in bad faith
> for it to refuse to do so.

Award at 4.  The arbitrator did not substitute his own notions of right and wrong but rather required Miniter to abide by the terms of the contract.  Furthermore, the $25,000 that Regnery paid Miniter was recoverable because the parties agreed that the $25,000 relating to the separate contract was to be part of Miniter's total advance.  There is no provision in the parties' contract that precluded the arbitrator from finding that Regnery is entitled to the $25,000.  Miniter has not demonstrated that the arbitrator committed error or had a misunderstanding of the law, and therefore, Miniter's common law claims must fail as well.

"On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'"  *Hall St.*, 128 S. Ct. at 1405.  Courts must "grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."  *Id.*  "[I]n the absence of a legal basis to vacate, this court has no discretion but to confirm the award."  *Int'l Thunderbird*, 473 F. Supp. 2d at 83 (citations omitted).

## III.   CONCLUSION

Regnery's Petition to Confirm the Arbitration Award is **GRANTED**; Miniter's Motion to Vacate the Arbitration Award is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **March 7, 2009**